**UNITED STATES COURT OF APPEALS**

**For the Fifth Circuit**

No. 97-41338

Summary Calendar

DENNIS JOSLIN, Certified Public Accountant,

Plaintiff-Appellee,

VERSUS

WALTER YOUNAS STEWART, ET. Al.,

Defendants,

WALTER YOUNAS STEWART

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
(9:96-CV-169)

September 8, 1998

Before REYNALDO G. GARZA, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Walter Stewart executed four separate promissory notes totaling $256,000.00 to Sam Houston National Bank of Huntsville, Texas in 1983, 1984, and 1985. During the signing of the notes, Stewart also executed four deeds of trust on four individual tracts of land to secure the notes. Each of the deeds of trust contained a cross-collateralization clause which provided that each deed of

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trust secured "all indebtedness" of Walter Stewart to the bank, whether past, present or future and incurred by any means.

The first tract of land, conveyed by the deed of trust on July 13, 1983, pledged a 70.773 acre plot of land which fronts a county road.  The other three parcels of land are essentially land-locked and cannot be reached except by use of the first tract of land.  There is an easement along a creek bed, but it is unreliable due to its location and possible flooding.

Stewart defaulted on the four notes and then filed voluntary Chapter 12 bankruptcy in the Eastern District of Texas.  The bankruptcy court entered an Order Confirming Debtors' Chapter 12 Plan of Reorganization on June 16, 1988.  Under his Plan, Stewart committed to repay a total of $102,855.20 out of the $256,000.00 that he originally borrowed from the Sam Houston National Bank of Huntsville, Texas under the four notes.  The Plan did not address the cross collateralization clauses.

On April 16, 1993, in accordance with 11 U.S.C. Section 1222(b)(9), the bankruptcy court entered an Order Modifying Debtors' Chapter 12 Plan.  The bankruptcy court's order held that the modifications requested were "not material."  The order's effect was to extend the terms of payment to the secured creditors so that the Stewarts could continue to make payments on their debts after the time period contemplated by the Chapter 12 Plan was terminated.  The modified plan indicated that the amount of the indebtedness secured by the four tracts of land, at that time, was

approximately $92,231.35.

The modification order also provided that the Stewarts could prepay any secured claim by paying the unpaid balance of the note, principal and accrued interest and shall "thereupon be entitled to and said creditor shall forthwith issue a release of lien on said property and otherwise extinguishing any debt secured or formerly secured thereby." This language is essentially the same as the language of the initial plan submitted by the bankruptcy court.

Dennis Joslin then purchased the four notes and deeds of trust from the FDIC, the successor in interest to the Sam Houston National Bank of Huntsville, Texas. Joslin filed suit for judicial foreclosure under the deeds of trust. Both parties filed motions for summary judgment.

Stewart asserted that *res judicata* should apply because the modification order showed that the cross-collateralization issue was litigated and was specifically addressed.

Joslin, on the other hand, contended that the modification order could not have set aside the cross-collateralization provision without resulting in an impermissible "material modification." Joslin further argued that the issue of cross-collateralization was not only not litigated, but was not even mentioned in any of the bankruptcy documents.

The United States District Court for the Eastern District of Texas granted Joslin's motion for summary judgment. Judge John

3

Hannah entered a partial summary judgement in favor of Joslin on September 19, 1996, and on September 24, 1997 entered final summary judgment granting the relief requested by Joslin, namely the foreclosure of the deed of trust liens on the property owned by STEWART, as well as an award of attorney's fees and costs of court.

The district court agreed with Joslin that the modification order entered April 19, 1993 was not *res judicata* as to the cross-collateralization issue. The court noted that the issue of cross-collateralization clauses was not the subject of any of the bankruptcy proceedings. Moreover, the court found that if the modification order was intended to terminate the cross-collateralization rights of the note holder, this would be an impermissible material modification of the Plan. The court also stated that if it was the intention of Plaintiffs to eliminate the cross-collateralization terms of the deeds of trust, this should have been expressly stated within the documents. Furthermore, the fact that it was not mentioned must be construed against the Debtors who were the drafters of the documents.

On October 22, 1997 Stewart perfected his appeal to this court.

### Discussion

### I. Summary Judgment

The Fifth Circuit reviews a grant of summary judgment *de novo*,

4

applying the same standard applied by the district court. *Lubbock County Hosp. Dist. v. National Union Fire Ins. Co. of Pittsburgh, Pennsylvania,* 143 F.3d 239, 241 (5th Cir. 1998). In reviewing a motion for summary judgment, we view the evidence in the light most favorable to the non-moving party. *Bloom v. Bexar County, Texas*, 130 F.3d 722, 724 (5th Cir. 1997). Summary judgment is proper if the evidence when so viewed demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a mater of law. FED R. CIV. P. 56(c); see *Bloom,* 130 F.3d at 724. The party seeking summary judgment carries the burden of showing that there is lack of evidence supporting the non-moving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 91 L.Ed.2d 265 (1986).

After reviewing the district court's granting of summary judgment *de novo*, this court affirms its decision in granting Joslin's motion and its denial of STEWART's motion.

## II. *Res judicata*

Res judicata is utilized when claims have already been judicially acted upon or decided. *Bradley v. Armstrong Rubber Co.*, 130 F.3d 168, 179 (5th Cir. 1997). In order for *res judicata* to apply, four requirements must be satisfied. *Gulf Island-IV, Inc., v. Blue Streak-Gulf Is Ops*, 24 F.3d 743, 746 (5th Cir. 1994), *cert. denied*, 513 U.S. 1155 (1995). First, the parties in the instant action must be the same as or in privity with the parties in the

5

prior action. *Russell v. Sunamerica Securities, Inc.,* 962 F.3d 1169, 1172-73 (5th Cir. 1992). Second, "the court that rendered the prior judgment must have been a court of competent jurisdiction." *Gulf Island-IV, Inc.*, 24 F.3d at 746. Third, there must be a final judgment on the merits. *Bradley v. Armstrong Rubber Co.*, 130 F.3d 168, 179 (5th Cir. 1997). Fourth, the same cause of action must be involved in both suits. *Id.*

The element at issue in this case is whether there has been a final judgment on the merits. The district court was correct in its conclusion that the modification order did not render a final judgment in regard to the cross-collateralization clauses. The issue of the cross-collateralization clauses was not the subject of any of the bankruptcy proceedings. The district court noted that the Plan submitted by the Stewarts to the bankruptcy court for its approval provided "[i]n this particular Plan all Deed of Trust lienholders will be allowed to maintain their respective liens on the property described on the Schedules in the Chapter 12 Plan, to the full extent of the Plan Secured Values." Clearly this language supports Joslin's contention and the court's decision that the bankruptcy court did not intend to terminate the cross-collateralization rights of the note holder.

In addition, this court agrees with the district court's finding that the elimination of the cross-collateralization clauses under the modification order would constitute an impermissible

6

material modification of Stewart's Chapter 12 Plan. Under the Bankruptcy Code, a Modification Order is prohibited from creating "a change in the rights of a [secured creditor] from what such rights were under the Plan before modification." 11 U.S.C. §1223(c) (1998). Furthermore, the Modification Order itself states that "the modifications ... are not material." Moreover, as the district court noted, if the plaintiffs intended to eliminate the cross-collateralization terms of the deeds of trust, this should have been expressed within the documents. The fact that it is not mentioned must be construed against against the Debtors who were the drafters of the documents. *In re Fawcett*, 758 F.2d 588, 591

(11th Cir. 1985); *In re Duplechain*, 111 B.R. 576 (W.D. Louisiana 1990).

Accordingly, this court affirms the district court's decision that the modification order is not *res judicata* to the cross-collateralization issue. In addition, Appellant's remaining contentions are not viable and are without merit because the modification order did not eliminate the cross-collateralization clauses. Therefore, this court affirms the district court's decision in all respects.

AFFIRMED.

7